UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENE MAURICE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2225** |
| **WINN DIXIE MONTGOMERY, LLC, ET AL.** | **SECTION: D(1)** |

ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff Brene Maurice.[1] Defendant Winn Dixie Montgomery, LLC opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion and **REMANDS** this matter to the Civil District Court for the Parish of Orleans, State of Louisiana.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2023, Plaintiff Brene Maurice ("Maurice") was grocery shopping at a store operated by Winn Dixie Montgomery, LLC ("Winn Dixie").[3] Maurice alleges that as she was leaving the dairy aisle, she slipped and fell, which resulted in "severe injuries to her person."[4] On May 10, 2024, Maurice filed this lawsuit in the Civil District Court for the Parish of Orleans against Winn Dixie and ABC Insurance;[5] Winn Dixie removed to this Court on September 10, 2024, pursuant to diversity jurisdiction under 28 U.S.C. § 1332.[6]

---

[1] R. Doc. 5.
[2] R. Doc. 8.
[3] R. Doc. 1 at ¶ 5.
[4] *Id.* at ¶ 6.
[5] R. Doc. 1-2.
[6] R. Doc. 1.

On October 10, 2024, Maurice filed the instant Motion to Remand, arguing that the elements for diversity jurisdiction are not met in this case. First, Maurice argues that ABC Insurance is likely a citizen of Louisiana and if so, removal was improper because ABC Insurance is not diverse from Maurice, who is also a citizen of Louisiana.[7] Maurice further argues that if ABC Insurance is in fact a Louisiana citizen, removal is improper under the forum defendant rule, which she appears to argue precludes removal of a matter wherein any defendant is a citizen of the state in which the action is brought.[8] Second, Maurice argues that Winn Dixie has not met its burden to establish that the amount in controversy exceeds $75,000, as is required under the diversity jurisdiction statute.[9]

Winn Dixie argues in response that the citizenship of ABC Insurance is irrelevant because ABC Insurance is a fictitious party whose citizenship is disregarded for the purposes of diversity.[10] Winn Dixie then argues that it is facially apparent from the face of Maurice's Petition that her damages exceed $75,000.[11] Winn Dixie points to Maurice's allegation that she sustained "severe injuries to her person" and her request for damages for past, present, and future pain and suffering, mental anguish and emotional distress, loss of enjoyment of life, medical expenses, lost wages, impairment of earning capacity, and any and all other damages to be set

---

[7] R. Doc. 5-1 at 3. Neither party has identified ABC Insurance as a citizen of Louisiana. Maurice claims, however, that it "has been identified as a 'foreign insurance company licensed to do business in the State of Louisiana'" and that this "may suggest its citizenship within Louisiana for jurisdictional purposes." *Id.* (quoting R. Doc. 1-2 at ¶ 1).
[8] *Id.* at 4 (citing 28 U.S.C. § 1441(b)).
[9] *Id.* (citing 28 U.S.C. § 1332(a)).
[10] R. Doc. 8 at 2.
[11] *Id.* at 4.

forth at the time of trial of this matter.[12] Winn Dixie further argues that even if the amount in controversy is not facially apparent, a prelitigation settlement offer by Maurice to Winn Dixie's alleged insurer establishes that Maurice's claims exceed $75,000.[13]

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.[14] A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[15] When original jurisdiction is based on diversity of citizenship, as it is here, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[16] The removing party has the burden of proving federal diversity jurisdiction.[17] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[18] Remand is proper if at any time the court lacks subject matter jurisdiction.[19]

## III.    ANALYSIS

Maurice argues that this matter must be remanded, first because of ABC Insurance's citizenship and second, because the amount in controversy is less than $75,000. In addition to remand, Maurice seeks attorney's fees and costs based on the

---

[12] *Id.* (citing R. Doc. 1-2 at ¶ 8).
[13] *Id.* at 5.
[14] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).
[15] 28 U.S.C. § 1441(a).
[16] 28 U.S.C. § 1332(a)–(a)(1).
[17] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[18] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[19] *See* 28 U.S.C. § 1447(c).

"unnecessary delay and expense" that Winn's Dixie's "improper removal . . . has caused."[20] The Court will address each argument in turn.

### A. Whether ABC Insurance's Citizenship Requires Remand

Maurice's initial basis for remand is ABC Insurance's citizenship, which Maurice argues may be Louisiana given its "status as a licensed foreign insurer" in Louisiana.[21] Maurice argues that if this is the case, removal is improper due to lack of diversity and because ABC Insurance is a forum defendant.

Maurice is correct that typically, a Louisiana defendant, properly joined and served, would destroy complete diversity between that defendant and Plaintiff, who is also a Louisiana citizen. It may also violate the forum defendant rule, which provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[22] As Winn Dixie points out, however, "[i]n determining whether a civil action is removable on the basis of the [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."[23] Maurice does not allege that ABC Insurance is the actual name of Winn Dixie's insurer, nor does she offer any identifying information about it. In sum, Plaintiff does not contest that ABC Insurance is a fictitiously named company. The record likewise does not indicate that

---

[20] R. Doc. 5-1 at 5.
[21] *Id.* at 4.
[22] 28 U.S.C. 1441(b)(2). Neither party addresses whether ABC Insurance has been properly joined and served.
[23] 28 U.S.C. § 1441(b)(1); *see Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 680 n.11 (5th Cir. 1999) ("That the fictitious defendants might have been non-diverse was properly disregarded when the case was initially removed to federal court on diversity grounds.").

4

ABC Insurance has been served, and it is clear that it has not yet appeared.[24] The Court therefore treats ABC Insurance as a fictitious party and disregards its citizenship. For this reason, to the extent Maurice's Motion seeks remand based on ABC Insurance's citizenship, the Motion is denied.

### B. Whether Winn Dixie Has Established the Requisite Amount in Controversy

Maurice's second ground for remand is that the amount in controversy necessary to invoke diversity jurisdiction is not met in this case. In Louisiana state courts, plaintiffs are not allowed to specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[25] As such, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[26] The Fifth Circuit permits a defendant to make this showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) setting forth the facts in controversy that support a finding of the requisite amount.[27] If it is not "facially

---

[24] *Beiriger v. Medtronic Dofamor Danek USA, Inc.*, No. 17-CV-742, 2017 WL 8944085, at *4 (M.D. La. Nov. 30, 2017) ("In the Motion to Remand, Plaintiff does not allege that [ABC Insurance Company, DEF Insurance Company, and XYZ Insurance Company] are the actual names of the Medtronic Defendants insurers. Thus, the Insurance Company Defendants are fictitiously named."); *Johnson v. Blann Tractor Co.*, No. 07-CV-1009, 2007 WL 2403267, at *1 n.1 (E.D. La. Aug. 16, 2007) (Engelhardt, J.) ("Plaintiff has not served ABC Insurance Company, nor has he included any identifying information regarding this party in the Petition or Motion to Remand. Thus, the Court treats ABC Insurance Company as a fictitious name.").
[25] *Lottinger v. State Farm Fire & Cas. Co.*, No. 13-CV-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (Brown, C.J.) (*citing* LA. CODE CIV. PROC. arts. 893, 862).
[26] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[27] *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).

apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[28]

In its Notice of Removal, Winn Dixie asserts that it is facially apparent that the amount in controversy has been met.[29] Winn Dixie contends that Maurice's Petition, which alleges that she suffered "severe injuries to her person" and in which she seeks multiple categories of damages, is sufficient to show that Maurice's claims exceed $75,000. Winn Dixie then argues that even if the amount in controversy is not apparent from the face of the Petition, it is made apparent through a prelitigation demand letter Maurice sent to Winn Dixie's alleged insurer.

After careful review of Maurice's Petition, the Court finds that it is not facially apparent from the face of the pleading that Maurice's claims exceed $75,000. In her Petition, Plaintiff's sole allegation as to her injuries is that she suffered "severe injuries to her person."[30] Courts routinely find that such conclusory allegations, without more, do not establish the threshold amount in controversy. In *Dykes v. Lyft, Inc.*, the Middle District of Louisiana found that a plaintiff's allegations that he suffered "severe injuries," including injuries to his neck, back, and both shoulders, was not sufficient to support diversity jurisdiction.[31] The Court explained:

> Plaintiff does not allege the specific nature of his physical injuries or the treatment sought or received . . . . There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. Plaintiff does not allege that he suffered nerve damage, herniated discs, or that his injuries resulted in any

---

[28] *Lottinger*, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).
[29] R. Doc. 1 at ¶ 16.
[30] R. Doc. 1-2 at ¶ 6.
[31] 551 F.Supp.3d 618 (M.D. La. 2021).

surgery. Plaintiff does not identify any incurred medical and drug expenses or the scope of the medical treatment he has received or continues to receive as a result of the incident. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent.[32]

Here, the information about Maurice's injuries are even more sparse than those in *Dykes*. Indeed, Maurice's allegations as to her injuries begin and end with her claim that she suffered severe injuries. The state court Petition does not include any factual allegations as to the type or severity of her injuries, the specific damage that those injuries caused, or whether her injuries require medical treatment.[33] On such thin allegations, and without more, the Court cannot conclude that Plaintiff's injuries are more likely than not to exceed $75,000. Maurice's allegation that she suffered "severe injuries to her person" is not enough to make it facially apparent from the Petition that her claims exceed $75,000.

Winn Dixie's reliance on Plaintiff's invocation of general categories of damages likewise fails to sustain its burden of proving that the amount in controversy was met at the time of removal.

---

[32] *Id.* at 622-23 (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).
[33] *Baker v. Fam. Dollar Stores of Tex., LLC*, No. 21-CV-1708, 2021 WL 3725923, at *3 (N.D. Tex. Aug. 23, 2021) ("Mr. Baker alleges that he was injured and suffered severe physical injuries, but this statement is conclusory. The Petition contains no factual allegations regarding the severity of his injuries, the type of injuries he suffered, or the manner in which he has been disfigured. It contains no factual allegations of any medical treatment Plaintiff has received, or the cost or duration of such medical treatment."); *see Bonck v. Marriott Hotels, Inc.*, No. 02-CV-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30, 2002) (Vance, J.); *Maze v. Protective Ins. Co.*, No. 16-CV-15424, 2017 WL 164420, at *4 (E.D. La. Jan. 17, 2017) (Engelhardt, J.) ("With respect to bodily injuries, though Plaintiffs allege "severe and disabling injuries," their petition does not identify any specific injury, and does not detail the duration of the injury(ies), any past or future treatments that have been provided or recommended, any resulting physical limitations, permanent pain, or other disability resulting from the injuries, and/or any losses of employment or wages caused by Plaintiffs' injuries.").

> Courts have routinely held that pleading general categories of damages, such as "pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.," without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the "facially apparent" test.[34]

"When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it is not "facially apparent" that the amount of damages would exceed $75,000.'"[35] Accordingly, even considering Maurice's allegations that she is entitled to a number of categories of damages, the Petition fails to establish the amount in controversy on its face.

That the amount in controversy is not facially apparent is not dispositive of Winn Dixie's Motion, however. It only means that to avoid remand, Winn Dixie must submit summary judgment showing that Maurice's amount in controversy exceeds $75,000.[36] To meet this burden, Winn Dixie points to a prelitigation settlement demand by Maurice to Winn Dixie's alleged insurer that calculates Maurice's incurred medical expenses at approximately $18,000 and "demand[s] policy limits . . . to settle this matter."[37] Winn Dixie argues that this amount, "in addition to a

---

[34] *Dykes*, 551 F.Supp.3d at 622-23 (quoting *Davis v. JK & T Wings, Inc.*, No. 11-CV-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012)) (collecting cases).
[35] *Dunomes v. Trinity Marine Prods., Inc.*, No. 14-CV-1968, 2014 WL 7240158 (E.D. La. Dec. 19, 2014) (Wilkinson, M.J.) (quoting *Broadway v. Wal-Mart Stores*, No. 00-CV-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (Livaudais, J.)); *see Butler v. Progressive Sec. Ins. Co.*, No. 21-CV-414, 2021 WL 1961666, at *6 (E.D. La. May 17, 2021) (Vitter, J.) (internal citation omitted) ("It is well-settled in this Circuit that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test.").
[36] *Lottinger*, 2014 WL 4403440 at *2 (quoting *White*, 319 F.3d at 675) (internal quotation marks omitted).
[37] R. Doc. 8-1.

herniated lumbar disc and other anatomical injuries" clearly meets the jurisdictional threshold.[38]

Although "federal district courts in Louisiana have . . . recognized that settlement demands are 'valuable evidence' in determining the amount in controversy," Maurice's demand letter upon which Winn Dixie relies does not save Winn Dixie here.[39] Maurice's settlement demand seeks a total of $38,687.04, approximately $18,000 of which is comprised of medical expenses and $20,000 for pain and suffering.[40] Winn Dixie argues that "general damages for herniated lumbar discs," with which Maurice was diagnosed, "alone have garnered awards exceeding $75,000."[41] But it is not enough that damages for the type of injury Maurice alleges *could* lead to an award in excess of $75,000.[42] Winn Dixie has not presented any evidence to suggest that Maurice will incur additional medical costs through surgery or otherwise.[43] Notedly, Winn Dixie has failed to provide the Court with any summary judgment type evidence of any further medical or other expenses incurred

---

[38] R. Doc. 8 at 6-7.
[39] *Mogilles v. Memberselect Ins. Co.*, No. 23-CV-7045, 2024 WL 835833, at *4 (E.D. La. Feb. 28. 2024) (Brown, C.J.) (citing *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995)).
[40] R. Doc. 8-1 at 3. The remaining $687 covers various other expenses. The Court further notes that the outstanding medicals of $18,000 encompassed the time period from the date of incident, June 30, 2023, through the date of the demand letter, February 1, 2024, a seven-month period.
[41] *Id.* at 6.
[42] *Carbajal v. Caskids Oil Operating Co.*, No. 05-CV-5966, 2006 WL 1030392, at *2 (E.D. La. Apr. 18, 2006) (Africk, J.) ("The reality that plaintiffs may recover greater than $75,000 does not suffice to warrant removal."); *see also Maze*, 2017 WL 164420, at *4 (Engelhardt, J.) ("[M]erely because a plaintiff's damages potentially may exceed $75,000 does not make . . . such an award appear more likely than not."); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-CV-2783, 1999 WL 1044336, at *4 (E.D. La. Nov. 17, 1999) (Vance, J.) ("A 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard.") (citing *Allen*, 63 F.3d at 1336).
[43] *Thomas v. Louis Dreyfus Commodities, LLC*, No. 15-CV-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016) (internal quotations and citation omitted) (collecting cases).

by Plaintiff prior to the removal of this matter. Absent such evidence, the Court must remand.[44]

### C. Maurice's Request for Attorney's Fees and Costs

Having determined removal was improper, the Court turns to Maurice's request for attorney's fees and costs incurred as a result of removal. Title 28, United States Code, Section 1447(c) provides that a court, upon ordering remand, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "In general, 'courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'"[45] A party that "'could conclude from th[e] case law that its position was not an unreasonable one' at the time of removal" had an objectively reasonable basis for removal.[46] "The district court's determination that removal was improper is insufficient grounds for awarding fees."[47]

Maurice argues that "removal in this case was ***objectively unreasonable*** given the untimely filing."[48] Maurice's arguments in favor of remand were based on a lack of jurisdiction, however. Nowhere in Maurice's Motion does she explain why

---

[44] To the extent Winn Dixie suggests that the settlement demand meets the amount in controversy because Maurice demanded policy limits, this argument fails, because Winn Dixie does not offer any evidence showing that its policy exceeds $75,000.
[45] *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (5th Cir. 2018) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005)).
[46] *Id.* (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).
[47] *Riverside Const. Co. v. Entergy Miss., Inc.*, 626 F. App'x 443, 445 (5th Cir. 2015) (citing *Valdes*, 199 F.3d at 293).
[48] R. Doc. 5-1 at 5.

10

she believes removal was untimely, and no other allegations of untimeliness appear anywhere else in Maurice's Motion.[49]

To the extent Maurice intended to seek fees and costs based on lack of diversity jurisdiction, the Court likewise denies Maurice's request. Winn Dixie raised a legitimate, albeit unsuccessful, basis for amount in controversy. That the Court ultimately disagreed with Winn Dixie's interpretation of the allegations in Maurice's Petition and the summary judgment evidence produced by Winn Dixie does not, by itself, render Winn Dixie's removal objectively unreasonable. The Court therefore denies Plaintiff's request for attorney's fees and costs.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Maurice's Motion to Remand is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Maurice's request for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, November 13, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[49] In its Notice of Removal, Winn Dixie contends that it was served on August 15, 2024, and the Notice of Removal filed on September 10, 2024. *See* R. Doc. 1 at ¶¶ 20-21.